**TYSON & MENDES LLP**
GRIFFITH H. HAYES
Nevada Bar No. 7374
Email: ghayes@tysonmendes.com
NICHOLAS F. PSYK
Nevada Bar No. 15983
Email: npsyk@tysonmendes.com
2835 St. Rose Pkwy., Suite 140
Henderson, NV 89052
Telephone: (702) 724-2648
Facsimile: (702) 410-7684
*Attorneys for Defendant, WALMART, INC.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SHANNON SEGERER, individually;<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Foreign Corporation; DOES 1 through 20; and ROE BUSINESS ENTITY I through 20, inclusive,<br><br>Defendants. | Case No.:<br><br>[District Court, Washoe County Case No.: CV24-00263, Dept. No.: 8]<br><br>**PETITION FOR REMOVAL OF CIVIL ACTION BY DEFENDANT WALMART, INC.**<br><br>**[JURY DEMAND]** |

COMES NOW, Petitioner WALMART, INC., ("Defendant" or "Petitioner"), by and through its counsel of record, the law offices of TYSON & MENDES, LLP, and hereby submits the following memorandum in support of its Petition for Removal of Jurisdiction to Federal Court:

I.

Petitioner is the only true Defendant named in the above-captioned action.

II.

The above-entitled action was commenced by Plaintiff SHANNON SEGERER (hereinafter "Plaintiff") on February 4, 2024, in the Second Judicial District in and for Washoe County, District of Nevada. This case is currently pending in that court. Plaintiff served her Summons on Defendant on February 5, 2024. True and correct copies of Plaintiff's Complaint and Summons are attached hereto as Exhibit "A" and "B," respectively. Plaintiff subsequently filed her Amended Complaint on February 22, 2024, which is attached hereto as Exhibit "C." Defendant timely filed an Answer

to Plaintiff's Amended Complaint on March 13, 2024, which is attached hereto as Exhibit "D." Plaintiff then served her Request for Exemption from Arbitration (hereinafter "Request for Exemption"), on April 1, 2024, alleging $26,983.00 in past medical expenses, which is attached hereto as Exhibit "E." Plaintiff then served her Initial Disclosures on Defendant on May 7, 2024, alleging $28,724.00 in past medical expenses, which is attached hereto as Exhibit "F." Plaintiff then reiterated her past medical expenses totaled $28,724.00 in her Responses to Defendant's First Set of Interrogatories, served on August 19, 2024, which is attached hereto as Exhibit "G." Plaintiff then served her First Supplemental Disclosures on Defendant on November 4, 2024, alleging past medical expenses of $50,812.37, which is attached hereto as Exhibit "H."

The amount in controversy is greater than $75,000. *See* 28 U.S.C. 1332(a). It is not facially clear from Plaintiff's Complaint that the matter in controversy is greater than $75,000. The Complaint states Plaintiff is claiming in excess of $15,000 for general damages, damages for past costs of medical care and treatment, damages for past wage loss and loss of earning capacity, and attorney's fees and costs in unspecified amounts. As such, the first paper Defendant received indicating Plaintiff's claim would meet the amount in controversy of $75,000.00 was Plaintiff's First Supplemental Disclosures, served on November 4, 2024, wherein Plaintiff's alleged past medical expenses increased from $28,724.00 to $50,812.37. Plaintiff's First Supplemental Disclosures constitutes the "other paper" received by Petitioner, from which removability may clearly be ascertained that the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1446(b)(3) and §1332(a).

Thus, Petitioner obtained the other paper on November 4, 2024 from which it first ascertained there is a complete diversity of citizenship and Plaintiff's claimed damaged exceed $75,000. Furthermore, it has been less than a year since Plaintiff filed her Complaint on February 4, 2024. Therefore, this Petition is timely.

III.

This Petition is filed pursuant to 28 U.S.C. § 1446(b)(3).

///

///

IV.

This is a civil action over which this Court has jurisdiction pursuant to 28 U.S.C. §1332(a) and is one which may be removed to this Court by Petitioner, pursuant to 28 U.S.C. § 1441(a).

V.

Petitioner is informed, believes, and thereon alleges that Plaintiff is, and was at the time this action was commenced, a citizen of the State of Nevada.

VI.

Petitioner is, and was, at the time this action commenced, a Delaware corporation with its principal place of business in the State of Arkansas. As such, Petitioner is a citizen of the State of Delaware and State of Arkansas.

VII.

The above-entitled civil action is for personal and economic damages Plaintiff allegedly incurred after slipping and falling at Walmart Store No. 3277 located at 155 Damonte Ranch Parkway, Reno, Nevada 89521.

VIII.

A copy of Petitioner's Petition for Removal of Civil Action, seeking removal of the above-entitled action to the United States District Court, District of Nevada, together with a copy of the Summons and Plaintiff's Complaint, have been deposited with the Deputy Clerk in the County Clerk's office for the Second Judicial District Court in and for Washoe County, Nevada.

IX.

True and correct copies of all pleadings and papers served upon Petitioner in the above-entitled action are filed herewith.

X.

In summary, this Petition is filed with the Court within thirty days of when Petitioner first received "other paper from which it may first be ascertained that the case is one which is or has become removable," namely, Plaintiff's First Supplemental Disclosures, served on November 4, 2024. *See* 28 U.S.C. 1446(b)(3) ("… if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or

otherwise, of … other paper from which it may first be ascertained that the case is one which is or has become removable"). See also *Dietrich v. Boeing Company*, 14 F.4th 1089, 1090 (9th Cir. 2021) ("The removal clock does not start until a paper makes a ground for removal unequivocally clear and certain.") (Internal cites removed). Therefore, this Petition is timely, and Petitioner has satisfied all other requirements for removal. See 28 U.S.C. 1446(b)(3) and 28 U.S.C. 1332(a).

## PRAYER

WHEREFORE, Petitioner prays that the above-entitled action be removed from the Eighth Judicial District Court in and for Clark County, Nevada, to this Court.

Dated:  November 8, 2024                              TYSON & MENDES LLP

*/s/ Griffith H. Hayes*
Griffith H. Hayes
Nevada Bar No. 7374
Nicholas F. Psyk
Nevada Bar No. 15983
*Attorneys for Defendant WALMART, INC.*

## INDEX OF EXHIBITS

| Exhibit | Description | Pages |
|---|---|---|
| A | Plaintiff's Complaint Filed February 4, 2024 | 9 |
| B | Summons | 2 |
| C | Plaintiff's Amended Complaint Filed February 22, 2024 | 9 |
| D | Answer of Defendant Walmart, Inc. to Plaintiff's First Amended Complaint | 11 |
| E | Plaintiff's Request for Exemption from Arbitration served on April 1, 2024 | 14 |
| F | Plaintiff's Initial Disclosures served on May 7, 2024 | 12 |
| G | Plaintiff's Responses do Defendant's First Set of Interrogatories served on August 19, 2024 | 27 |
| H | Plaintiff's First Supplemental Disclosures served on November 4, 2024 | 13 |

# **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), and/or LR IC 4-1, I hereby certify that I am an employee of Tyson & Mendes LLP, and on November 8, 2024, I caused the foregoing document entitled **PETITION FOR REMOVAL OF CIVIL ACTION BY DEFENDANT WALMART, INC. [JURY DEMAND]** to be served upon the following individuals via electronic mail.

RICHARD A. HARRIS, ESQ.
Nevada Bar No. 505
JOHNATHAN LEAVITT, ESQ.
Nevada Bar No. 13172
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, Nevada 89101
Phone: (702) 444-4444
Fax: (702) 444-4455
E-Mail: jleavitt@richardharrislaw.com
*Attorneys for Plaintiff*

/s/ Heidi Brown
An employee of Tyson & Mendes LLP

5